JAMES DEMPSEY *vs.* CHARLES COGSWELL.

April 10, 1882.

**Appeal—Defective Record.**—An objection that an order for judgment is not authorized by the special findings of the jury upon material questions submitted to them in a cause, cannot be considered in this court when the record fails to disclose the nature of such special findings.

Competency of certain evidence considered.

Plaintiff was defendant in an action in replevin brought in a justice's court, in which action he recovered judgment "against the plaintiff for the return of 100 bushels of wheat, and, in default thereof, ninety dollars and costs of this action, taxed at $18.28." This action was brought in a justice's court against defendant, who was surety on the bond in the above replevin suit, to enforce the judgment. The justice having rendered judgment in favor of plaintiff, defendant appealed to the district court for Dodge county, where the action was tried by *Buckham*, J., and a jury, and judgment ordered for defendant, from which plaintiff appeals.

On the trial in the district court, it appeared that the judgment in the replevin suit had been satisfied to the extent of the payment of the costs and the return of 43 bushels of the identical wheat replevied, and defendant introduced testimony to show that plaintiff had agreed to accept the balance of the wheat at a wheat elevator, and

that a tender was made of an elevator ticket for thirty-six bushels which represented the balance of the identical wheat replevied, after it had been delivered at the elevator, cleaned and graded.

*B. F. Latta,* for appellant.

*Robert Taylor,* for respondent.

VANDERBURGH, J. The court directed the jury to find specially upon the question whether the identical wheat in controversy was all returned to plaintiff, and also the number of bushels so returned, and it seems a special verdict was acordingly rendered, in connection with the general verdict for defendant, upon which judgment was afterwards ordered by the court. The record in this court, however, fails to disclose the nature of the special findings, and it is not certified to contain all the evidence. In this state of the case it must be presumed that the special findings supported the general verdict and authorized the judgment, and there is, therefore, no error apparent in the order for judgment. As to the evidence objected to, it is sufficient to say that it was not impeaching the record of the judgment of the justice and the return of the officer in the replevin suit to receive evidence tending to show that the judgment was subsequently satisfied by a delivery to plaintiff of the wheat in controversy, in pursuance of an arrangement between the parties. And, as to the degree of proof, we must presume from this state of the record that the evidence was sufficient and the findings proper.

Judgment affirmed.